IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT J. MENDOZA, JR.,

                Petitioner,          Civil No. 05-770-AA

                v.                ORDER

JEAN HILL,

                Respondent.

_____

AIKEN, District Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging his convictions on three counts of Sodomy in the First Degree.

    Petitioner directly appealed his convictions (Balfour brief) and the Oregon Court of Appeals affirmed without opinion. Petitioner did not seek review in the Oregon Supreme Court. Petitioner filed a Petition for Post Conviction Relief raising one claim of trial court error and seven claims of ineffective assistance of counsel. The post-conviction court

1 - ORDER

denied relief and the Oregon Court of Appeals affirmed. Petitioner raised two claims of trial court error and six claims of ineffective assistance of counsel in his request for review of the post-conviction proceeding but the Oregon Supreme Court denied review.

In the petition before the court, petition alleges the following claims:

1. The ordering of consecutive sentences in the instant case violates constitutional law.

2. Trial counsel failed to provide sufficient information to defendant regarding whether to accept a plea agreement.

3. Trial counsel was constitutionally inadequate by failing to call appropriate field (sic) to rebut state's witness.

4. Counsel was inadequate by failing to investigate allegations that testimony was being rewarded and/or coerced.

5. Trial counsel was constitutionally inadequate where he failed to call witnesses that could have presented relevant and favorable testimony to and for defendant.

6. Expert testimony violated federal rules of evidence regarding hearsay exception Fed.R.Evid. 703.

7. It's plain error to allow witness to testify to the truthfulness of another witness.

8. Prosecutor committed multiple violations of prosecutor misconduct throughout arguments.

Petitioner's claims One, Six, Seven,  and Four were procedurally defaulted and therefore unexhausted for the reasons set forth below.

<u>Ground One</u> -  Petitioner's argument that the aggravating

factors considered in the court ordering consecutive sentences were not supported by jury findings raises a Apprendi/Blakely claim.  The only Apprendi/Blakely claim petitioner raised in state court was in the petition for review of the post-conviction judgment, and that claim was defaulted due to being presented in "a procedural context in which its merits would not be considered." Castille v. Peoples, 489 U.S. 346 (1989) at 351-352.  In order to exhaust the Apprendi/Blakely, petitioner should have raised the issue on direct appeal. Palmer v. State, 318 Or 352 (1994). Even if the claim had been properly presented to the Oregon Court of Appeals, petitioner did not file a petition for review with the Oregon Supreme Court and therefore would not have been exhausted.  Peterson v. Lampert, 319 F.3d 1153 (9th Cir. 2003).

An attempt was made to raise a claim of trial court error in petitioner's amended post-conviction petition, but it was rejected under Palmer. An issue that could have been raised on direct appeal may not be advanced in post-conviction proceedings.  ORS 138.540(1); Hunter v. Maas, 106 Or App 438 (1991). In any event, the claim was not presented to the Oregon Court of Appeals, and would not have been considered by the Oregon Supreme Court.  State v. Reyes-Camarena, 300 Or 431 (2000); State v. Castrejon, 317 Or 202 (1993).

Ground Six - Assuming that petitioner's allegation that

3 - ORDER

"expert testimony violated federal rules of evidence regarding hearsay" states a claim cognizable under 28 U.S.C. § 2254, the claim is defaulted for the reasons stated above.  It was not raised on direct appeal or in the amended post-conviction petition.  It may have been raised in petitioner's pro se supplemental brief to the Oregon Court of Appeals, but it was not presented to the Oregon Supreme Court.

Ground Seven - Petitioner's allegation that it is "[p]lan error" (sic) to allow a witness to testify to the truthfulness of another witness" was presented in petitioner's pro se supplemental brief to the Oregon Court of Appeals, but not preserved at trial, raised in the amended post-conviction petition, or advanced to the Oregon Supreme Court. Accordingly this claim was also defaulted for the reasons discussed above.

Ground Four - petitioner's claim that counsel was ineffective for "failing to investigate allegations that testimony was being rewarded and/or coerced" was preserved since it was raised in petitioner's pro se petition for post-conviction relief.  However, it was not alleged in the amended petition and therefor not considered by the Oregon Court of Appeals. State v. Reyes-Camarena, supra.

Petitioner's claims that his attorney was ineffective for failing to provide sufficient information regarding whether to

accept a plea agreement (Ground Two) and by failing to call expert witnesses (Ground Three) were exhausted in the Oregon courts and are therefore properly before this court. However, for the reasons set forth below, the state court decisions regarding these claims are entitled to deference and the claims lack merit.

In determining whether state court decisions are entitled to deference under the AEDPA, four prerequisites must be met: "[a] claim must be (1) adjudicated (2) on the merits (3) in a state court proceeding (4) that resulted in a decision." Gren v. Lampert, 288 F.3d 1081, 1089 (9th Cir. 2002). The last reasoned state-court decision is review. Van Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir. 2003). Deference may be given to state findings even though "relatively brief." McClure v. Thompson, 323 F.3d 1233, 1241 (9th Cir. 2000), cert denied McClure v. Belleque, 540 U.S. 1051 (2003) 9citing Downs v. Hoyt, 232 F.3d 1031, 1035 (9th Cir. 2000)), cert denied 532 U.S. 999 (2001).

In this case, the post-conviction court stated its reasons for denying relief in a written opinion, supplemented by detailed findings of fact and conclusions, and the issues were fully brief on appeal. The Oregon courts provided meaningful adjudication of petitioner's claims and the state court determination that petitioner was not denied the right

to assistance of counsel, as guaranteed by the United States
Constitution and as articulated by the United States Supreme
Court in <u>Stickland v. Washington</u>, 466 U.S. 668 (1984) is not
objectively "unreasonable determination of facts in light of
the evidence presented in the State court proceedings."  28
U.S.C. § 2254(d)(2); <u>Early v. Packer</u>, 537 U.S. 3 (2002) at 11,
and are entitled to deference.  Moreover, I agree with the
state court determinations based on the factual record before
the court.

<u>Summary:</u>  Petitioner's Ground One (<u>Apprendi/Blakely</u> claim) was
procedurally defaulted and unexhausted.

     The State court decision on petitioner's claim that his
attorney was ineffective for failing to properly advise him
about a plea agreement (Ground Two) is entitled to deference
under 28 U.S.C. § 2254(d)(2) and lacks merit.  The record
reflects that the plea offer was discussed with petitioner
several times and that he insisted on going to trial against
the advice of his attorney.

     The Oregon Court decision on the ineffective assistance
of counsel claim based on failing to call a proctologist and
psychologist (Ground Three) is entitled to deference under 28
U.S.C. § 2254(d)(1).  Moreover the claim lacks merit because
no evidence of actual prejudice from the failure to call
witnesses from these professions was offered at petitioner's

post-conviction proceeding.

Petitioner's claim that his attorney was ineffective for failing to investigate whether testimony from prosecution witnesses was rewarded or coerced (Ground Four) was procedurally defaulted and unexhausted.

Petitioner's Ground Five ineffective assistance of counsel claim was defaulted except as to the specific claim regarding counsel's failure to call petitioner's mother as a witness and the Oregon court's determination as to that issue is entitled to deference.

Petitioner Ground Six (to the extent it can be construed as cognizable under 28 U.S.C. § 2254), was defaulted; Petitioner's Grounds Seven and Eight were procedurally defaulted and unexhausted.

Based on the foregoing, petitioner's Petition (#1) is denied.  This proceeding is dismissed.


         DATED this  28  day of June, 2006.

                              /s/ Ann Aiken
                              Ann Aiken
                              United States District Judge